IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRIAN GERDTS,

Petitioner,

v.                                  CIVIL ACTION NO. 1:19CV94
                                    CRIMINAL ACTION NOS. 1:98CR24
                                                         1:99CR36
                                         (Judge Keeley)

UNITED STATES OF AMERICA,

Respondent.

## MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION, DENYING AS MOOT MOTION FOR APPOINTMENT OF COUNSEL, AND DISMISSING CASE WITH PREJUDICE

Pending before the Court is the pro se motion filed pursuant to 28 U.S.C. § 2255 by the petitioner, Brian Gerdts ("Gerdts"), seeking to vacate, set aside, or correct his sentence (1:98CR24, Dkt. No. 75; 1:99CR36, Dkt. No. 39; 1:19CV94, Dkt. No. 1), and a motion for appointment of counsel (1:98CR24, Dkt. No. 82; 1:99CR36, Dkt. No. 47; 1:19CV94, Dkt. No. 9). For the reasons that follow, the Court **DENIES** his § 2255 motion, **DENIES AS MOOT** his motion for appointment of counsel, and **DISMISSES WITH PREJUDICE** Civil Action Number 1:19CV94.

## I.   BACKGROUND

This case arises from Gerdts's armed robbery of three United States Post Offices in April, June, and July 1998. On April 24, 1998, Gerdts and Rhonda Stout ("Stout") entered the United States Post Office in Pullman, West Virginia and placed a sign reading

**GERDTS V. UNITED STATES**                    **1:19CV94/1:98CR24/1:99CR36**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION,
DENYING AS MOOT MOTION FOR APPOINTMENT OF COUNSEL,
AND DISMISSING CASE WITH PREJUDICE**

"CLOSED UNTIL NOON" on the door (Dkt. No. 73 at 17).[1] Gerdts then
located Postmaster T.M. in the work area and held a semi-automatic
pistol to his neck, bound and gagged him with duct tape, stole his
keys and wallet, and locked him in a restroom. Id. Gerdts then
stole sixty-nine (69) blank postal money orders, a money order
imprinter, and $135 cash. Id. Postmaster T.M. heard Gerdts talking
to another person during the robbery and a local woman later
reported that she had been turned away from the Pullman Post Office
by Stout. Id.

Shortly thereafter, law enforcement officers connected Gerdts
and Stout to the Pullman robbery. Id. at 12-13, 19. A forensic lab
identified the couple's fingerprints on the "CLOSED UNTIL NOON"
sign; a local citizen identified Gerdts from a police sketch; and
law enforcement officers located the vehicle connected to the
robbery at Stout's residence. Id. Moreover, using fictitious names
and forms of identification, Stout had cashed several of the
Pullman money orders in various locations throughout West
Virginia, Pennsylvania, and New Jersey. Id. On June 2, 1998, a

---

[1] Unless otherwise noted, all docket references refer to Criminal Action
Number 1:98CR24.

**GERDTS V. UNITED STATES**                **1:19CV94/1:98CR24/1:99CR36**

### MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION, DENYING AS MOOT MOTION FOR APPOINTMENT OF COUNSEL, AND DISMISSING CASE WITH PREJUDICE

grand jury sitting in the Northern District of West Virginia named Gerdts and Stout in a two-count indictment related to the Pullman robbery (Dkt. No. 3).[2]

Thereafter, on June 23, 1998, while still at large, Gerdts robbed the United States Post Office in Malaga, New Jersey (Dkt. No. 73 at 18). As Stout waited nearby, he held Postmaster J.S. at gunpoint and stole twenty-one (21) blank postal money orders and $459.20 in cash. Id. Stout later cashed the majority of the Malaga money orders throughout Ohio, using the same fictitious names and forms of identification she previously had used following the Pullman robbery. Id. at 13.

Finally, on July 27, 1998, Gerdts robbed the United States Post Office in Aurora, West Virginia. Id. at 18-19. Again, as Stout waited nearby, he held Postmaster H.S. at gunpoint and stole forty-four (44) blank postal money orders and $347 in cash. Id.

Less than a month later, law enforcement officers located Gerdts and Stout in Lakewood, New York on August 7, 1998. Id. at 14, 20. Gerdts attempted to flee while brandishing the same semi-

---

[2] The grand jury charged them with aiding and abetting the armed robbery of a United States Post Office and use of a firearm in relation to a crime of violence (Dkt. No. 3).

GERDTS V. UNITED STATES                    1:19CV94/1:98CR24/1:99CR36

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION,
DENYING AS MOOT MOTION FOR APPOINTMENT OF COUNSEL,
AND DISMISSING CASE WITH PREJUDICE**

automatic pistol he had used during each of the three robberies, but he was quickly apprehended. Id. In the couple's hotel room, officers found the money order imprinter stolen during the Pullman robbery, $12,000 in cash, blank postal money orders from the Aurora robbery, numerous fictious identification cards bearing Stout's photograph, and items used to produce these identification cards. Id. at 14. The next day, Gerdts confessed to the Pullman, Malaga, and Aurora robberies. Id.

Following Gerdts's arrest and confession, the grand jury in the Northern District of West Virginia returned a Superseding Indictment against him and Stout, charging him with aiding and abetting the armed robbery of a United States Post Office, in violation of 18 U.S.C. §§ 2114(a) and 2 (Count One); use of a firearm in relation to a violent felony, in violation of 18 U.S.C. § 924(c) (Count Two); aiding and abetting the armed robbery of a United States Post Office, in violation of 18 U.S.C. §§ 2114(a) and 2 (Count Three); and use of a firearm in relation to a violent felony, in violation of 18 U.S.C. § 924(c) (Count Four) (Dkt. No. 20). Counts One and Two related to the Pullman robbery, while Counts Three and Four related to the Aurora robbery. Id.

GERDTS V. UNITED STATES                    1:19CV94/1:98CR24/1:99CR36

### MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION, DENYING AS MOOT MOTION FOR APPOINTMENT OF COUNSEL, AND DISMISSING CASE WITH PREJUDICE

Meanwhile, in the District of New Jersey, Gerdts was charged by criminal complaint with aiding and abetting the armed robbery of the Malaga, New Jersey Post Office, in violation of 18 U.S.C. §§ 2114 and 2 (1:99CR36, Dkt. No. 1 at 2-7). Then, on September 2, 1999, Gerdts was named in an information containing the same charge and consented to the transfer of his New Jersey case to this Court for purposes of plea and sentencing. Id. at 8-11.[3]

On September 23, 1999, Gerdts pled guilty to Counts Two and Four of the Superseding Indictment in Criminal Action Number 1:98CR24, and to Count One of the Information in Criminal Action Number 1:99CR36 (Dkt. No. 42). On December 14, 1999, the Court sentenced him to 60 months of imprisonment on Count Two (1:98CR24), 120 months of imprisonment on Count Four (1:98CR24), and 175 months of imprisonment on Count One (1:99CR36), all to be served consecutively for a total sentence of 475 months of imprisonment (Dkt. No. 49). The Fourth Circuit later affirmed his convictions and sentence on January 16, 2001 (Dkt. No. 58).[4]

---

[3] Upon transfer, Gerdts's New Jersey case became Criminal Action Number 1:99CR36.

[4] Gerdts is currently incarcerated at United States Penitentiary Atwater and, with the inclusion of good conduct credit, has a projected release

GERDTS V. UNITED STATES                    1:19CV94/1:98CR24/1:99CR36

MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION,
DENYING AS MOOT MOTION FOR APPOINTMENT OF COUNSEL,
AND DISMISSING CASE WITH PREJUDICE

Nearly twenty years later, on April 19, 2019, Gerdts filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, asserting that his § 924(c) convictions in Criminal Action Number 1:98CR24 should be vacated because, following the decision of the Supreme Court of the United States in United States v. Davis, 139 S. Ct. 2319 (2019), the offense upon which they were predicated no longer qualifies as a "crime of violence" (Dkt. No. 75).

## II.  STANDARD OF REVIEW

28 U.S.C. § 2255(a) permits a federal prisoner who is in custody to assert the right to be released if (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

---

date of July 7, 2038. See Federal Bureau of Prisons, Inmate Locator https://www.bop.gov/inmateloc/ (results for register number 09475-055).

GERDTS V. UNITED STATES                    1:19CV94/1:98CR24/1:99CR36

MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION,
DENYING AS MOOT MOTION FOR APPOINTMENT OF COUNSEL,
AND DISMISSING CASE WITH PREJUDICE

III. <u>DISCUSSION</u>

Gerdts pled guilty to two counts of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts Two and Four). As charged in Counts One and Three of the Superseding Indictment, the relevant underlying crime of violence was aiding and abetting the armed robbery of a United States Post Office, in violation of 18 U.S.C. §§ 2114(a) and (2). Gerdts asserts that, because this offense no longer qualifies as a crime of violence, his § 924(c) convictions should be vacated. As the Court explains below, he is incorrect.

A.  **Applicable Law**

Pursuant to 18 U.S.C. § 924(c), a person who "uses or carries" a firearm "during and in relation to any crime of violence," or who "possesses" a firearm "in furtherance of any such crime," may be separately convicted of both the underlying crime of violence and the use, carrying, or possession of that firearm. <u>See</u> <u>United States v. Bryant</u>, 949 F.3d 168, 172 (4th Cir. 2020). Section 924(c)(3) defines a crime of violence as a felony offense that:

(A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

GERDTS V. UNITED STATES                    1:19CV94/1:98CR24/1:99CR36

### MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION, DENYING AS MOOT MOTION FOR APPOINTMENT OF COUNSEL, AND DISMISSING CASE WITH PREJUDICE

(B)  that by its nature, involves a substantial risk
     that physical force against the person or property
     of another may be used in the course of committing
     the offense.

Subsections 924(c)(3)(A) and (B) are commonly referred to as "the force clause" and "the residual clause," respectively. United States v. Fuertes, 805 F.3d 485, 498 (4th Cir. 2015). As Gerdts correctly points out, in United States v. Davis, the Supreme Court invalidated the residual clause of § 924(c) as unconstitutionally vague. 139 S. Ct. at 2323. Thus, for an offense to qualify as a "crime of violence" it must satisfy § 924(c)'s force clause.

To determine whether an offense qualifies as a crime of violence under the force clause, the Court applies the categorical approach or the modified categorical approach, depending on the nature of the offense. United States v. Mathis, 932 F.3d 242, 264 (4th Cir. 2019). The categorical approach applies when the predicate statute "sets out a single (or 'indivisible') set of elements to define a single crime." Mathis v. United States, 579 U.S. 500, 505-06 (2016). Under this approach, the Court disregards the defendant's actual conduct and considers whether the minimum conduct to sustain a conviction under the statute necessarily

GERDTS V. UNITED STATES                    1:19CV94/1:98CR24/1:99CR36

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION,
DENYING AS MOOT MOTION FOR APPOINTMENT OF COUNSEL,
AND DISMISSING CASE WITH PREJUDICE**

requires the use, attempted use, or threatened use of force. Bryant, 949 F.3d at 172-73.

The modified categorical approach, however, applies to divisible statutes that set out "potential elements in the alternative," and so includes "multiple, alternative versions of the crime." Descamps v. United States, 570 U.S. 254, 257 (2013). Under the modified approach, the Court examines a limited class of documents, including the indictment, jury instructions, or plea agreement and colloquy to determine "which of the statute's alternative elements formed the basis of the defendant's prior conviction." Id. at 257. It then applies the traditional categorical approach to determine whether that crime constitutes a crime of violence under § 924(c)'s force clause. Mathis, 579 U.S. at 506.

**B.   Armed Robbery of a United States Post Office is a Crime of Violence under § 924(c)'s Force Clause**

Gerdts's § 924(c) convictions are predicated on his violation of 18 U.S.C. § 2114(a). Under that statute:

> A person who assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other

9

GERDTS V. UNITED STATES                    1:19CV94/1:98CR24/1:99CR36

MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION,
DENYING AS MOOT MOTION FOR APPOINTMENT OF COUNSEL,
AND DISMISSING CASE WITH PREJUDICE

property of the United States, or robs or attempts to
rob any such person of mail matter, or of any money, or
other property of the United States, shall, for the first
offense, be imprisoned not more than ten years; and if
in effecting or attempting to effect such robbery he
wounds the person having custody of such mail, money, or
other property of the United States, or puts his life in
jeopardy by the use of a dangerous weapon, or for a
subsequent offense, shall be imprisoned not more than
twenty-five years.

18 U.S.C. § 2114(a).

According to the Fourth Circuit, § 2114(a) is divisible into at least two parts: "a basic version of the crime in the first clause (before the semicolon) and an aggravated version of the crime with an enhanced maximum penalty in the second clause (after the semicolon)." United States v. Bryant, 949 F.3d 168, 174 (4th Cir. 2020). Because the aggravated offense "sets forth additional elements—'wound[ing]' or placing the 'life [of the victim] in jeopardy by the use of a dangerous weapon'—that must be established in order to trigger a separate, enhanced punishment," it is an alternative version of a § 2114(a) offense. United States v. Wilson, 2021 WL 5826376, at *4 (D. Md. Dec. 8, 2021) (quoting 18 U.S.C. § 2114(a)).

10

GERDTS V. UNITED STATES                    1:19CV94/1:98CR24/1:99CR36

### MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION, DENYING AS MOOT MOTION FOR APPOINTMENT OF COUNSEL, AND DISMISSING CASE WITH PREJUDICE

Because § 2114(a) is divisible, the Court must apply the modified categorical approach to determine (1) whether the basic or aggravated version of the offense served as the basis for Gerdts's § 924(c) conviction, and (2) whether that version of the offense categorically qualifies as a crime of violence under § 924(c)'s force clause.

A review of the record in this case establishes that the aggravated § 2114(a) offense underlies Gerdts's § 924(c) convictions. Counts One and Three of the Superseding Indictment specifically allege that Gerdts violated § 2114(a) by assaulting "a person having lawful charge, custody and control of the United States mail matter, money and other property of the United States, with intent to rob, steal and purloin said mail matter, money and other property of the United States," and in doing so "put the life of [a postmaster] in jeopardy by the use of a dangerous weapon, that is a semi-automatic pistol" (Dkt. No. 20 at 1, 3) (emphasis added). Moreover, in the plea agreement, Gerdts stipulated to robbing each of the Pullman, Malaga, and Aurora Post Offices using a firearm (Dkt. No. 42 at 5). And during his plea colloquy he confirmed the accuracy of the Government's account of

**GERDTS V. UNITED STATES**                    1:19CV94/1:98CR24/1:99CR36

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION,**
**DENYING AS MOOT MOTION FOR APPOINTMENT OF COUNSEL,**
**AND DISMISSING CASE WITH PREJUDICE**

his offense conduct, including that, during each of the three robberies, he held the attendant postmaster at gunpoint with a .22-caliber semi-automatic pistol (Dkt. No. 56 at 44:7-11).

According to the Fourth Circuit, this aggravated offense categorically qualifies as a crime of violence under § 924(c)'s force clause. See United States v. Bryant, 949 F.3d at 179-180 ("[Section] 2114(a)'s requirement that the defendant use a dangerous weapon to put the victim's life in jeopardy ensures that at least the threat of physical force is present"). Every court of appeals to have addressed this question has reached the same conclusion. See United States v. Buck, 23 F.4th 919, 930 (9th Cir. 2022); United States v. Castro, 4 F.4th 345, 352 (5th Cir. 2021); United States v. Knight, 936 F.3d 495, 498-99 (6th Cir. 2019); United States v. Enoch, 865 F.3d 575, 580 (7th Cir. 2017); In re Watt, 829 F.3d 1287, 1290 (11th Cir. 2016). Thus, the Supreme Court's invalidation of § 924(c)'s residual clause in Davis has no impact on Gerdts's § 924(c) convictions, both of which are predicated on the aggravated offense in § 2114(a), which constitutes a crime of violence under § 924(c)'s force clause.

12

GERDTS V. UNITED STATES                    1:19CV94/1:98CR24/1:99CR36

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION,**
**DENYING AS MOOT MOTION FOR APPOINTMENT OF COUNSEL,**
**AND DISMISSING CASE WITH PREJUDICE**

**C.  Aiding and Abetting the Armed Robbery of a United States Post Office is a Crime of Violence**

Gerdts next contends that there is no valid predicate offense for his § 924(c) convictions because Counts One and Three of the Superseding Indictment charged him with violating § 2114(a) under an aiding and abetting theory (Dkt. No. 19 at 3-6). But in United States v. Ali, 991 F.3d 561, 574 (4th Cir. 2021), the Fourth Circuit conclusively held that "aiding and abetting a crime of violence is also categorically a crime of violence." Id. As it explained,

> [a]iding and abetting is not a standalone criminal offense—rather, it simply describes the way in which a defendant's conduct resulted in the violation of a particular law. [18 U.S.C. § 2] does not set forth an essential element of an offense, so aiding and abetting a crime has the exact same elements as the principal offense. Because there are no new elements on which the categorical approach can operate, it is impossible for the analysis of aiding and abetting a crime to come out differently than the principal crime.

Id. (quotations omitted). Thus, aiding and abetting the armed robbery of a United States Post Office is a valid predicate offense under § 924(c)'s force clause and Gerdts's argument fails as a matter of law.

13

GERDTS V. UNITED STATES                    1:19CV94/1:98CR24/1:99CR36

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION,**
**DENYING AS MOOT MOTION FOR APPOINTMENT OF COUNSEL,**
**AND DISMISSING CASE WITH PREJUDICE**

**IV.   MOTION FOR APPOINTMENT OF COUNSEL**

On July 12, 2019, Gerdts filed a motion for the appointment
of counsel (1:98CR24, Dkt. No. 82; 1:99CR36, Dkt. No. 47; 1:19CV94,
Dkt. No. 9). In support, he asserts that without counsel he is
incapable of litigating this matter and that his prior filings
have been prepared by another inmate who can no longer aid him in
this proceeding. Id.

There is no constitutional right to appointed counsel in a
§ 2255 proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555
(1987). "[T]he right to appointed counsel extends to the first
appeal of right and no further." Id. The Court should appoint
counsel to represent an indigent defendant only after a showing of
particular need or exceptional circumstances has been made. See 28
U.S.C. § 1915(e)(1); Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975).
"The question of whether such circumstances exist in any particular
case hinges on characteristics of the claim and the litigant."
Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir 1984). Nonetheless,
the Rules Governing Section 2255 Proceedings of the United States
District Courts require that counsel be appointed in certain
circumstances, such as upon a determination that an evidentiary

14

GERDTS V. UNITED STATES                    1:19CV94/1:98CR24/1:99CR36

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION,
DENYING AS MOOT MOTION FOR APPOINTMENT OF COUNSEL,
AND DISMISSING CASE WITH PREJUDICE**

hearing is required or if necessary for effective discovery. See Rules 6(a) and 8(c) of the Rules Governing § 2255 Proceedings.

Here, Gerdts has not established a particularized need for counsel or exceptional circumstances justifying such appointment. According to his presentence investigation report, Gerdts completed high school and several community college courses. But his lack of legal training does not establish a particular need or an exceptional circumstance that would justify the appointment of counsel in this case; he has demonstrated his ability to pursue the claims raised in his § 2255 motion in the absence of counsel by filing his reply brief while reportedly no longer receiving aid from a fellow inmate. Nor does the Court require an evidentiary hearing as discovery is unnecessary. Gerdts's arguments, which are legal in nature and do not depend on resolution of contested facts. Therefore, Gerdts is not entitled to the appointment of counsel and the Court **DENIES AS MOOT** his motion (1:98CR24, Dkt. No. 82; 1:99CR36, Dkt. No. 47; 1:19CV94, Dkt. No. 9).

GERDTS V. UNITED STATES                    1:19CV94/1:98CR24/1:99CR36

**MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION,
DENYING AS MOOT MOTION FOR APPOINTMENT OF COUNSEL,
AND DISMISSING CASE WITH PREJUDICE**

## V.    CONCLUSION

For the reasons discussed, the Court:

1.    **DENIES** Gerdts's § 2255 motion (1:98CR24, Dkt. No. 75; 1:99CR36, Dkt. No. 39; 1:19CV94, Dkt. No. 1);

2.    **DENIES AS MOOT** Gerdts's motion for appointment of counsel (1:98CR24, Dkt. No. 82; 1:99CR36, Dkt. No. 47; 1:19CV94, Dkt. No. 9); and

3.    **DISMISSES WITH PREJUDICE** Civil Action Number 1:19CV94.

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to enter a separate judgment order in favor of the United States, to transmit a copy of this order to Gerdts by certified mail, return receipt requested, to counsel of record by electronic means, and to strike this case from the Court's active docket.

## VI.    NO CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate

16

GERDTS V. UNITED STATES                    1:19CV94/1:98CR24/1:99CR36

### MEMORANDUM OPINION AND ORDER DENYING § 2255 PETITION, DENYING AS MOOT MOTION FOR APPOINTMENT OF COUNSEL, AND DISMISSING CASE WITH PREJUDICE

from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Gerdts has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that Gerdts has failed to make the requisite showing and, therefore, **DENIES** issuing a certificate of appealability.

Dated: July 6, 2022

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

17